## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAKOTA RESOURCES COUNCIL *et al.*, | Civil Action No. 1:22-cv-01853-CRC |
| Plaintiffs, | Hon. Christopher R. Cooper |
| v. | **DEFENDANTS' ANSWER TO** |
| UNITED STATES DEPARTMENT OF THE THE INTERIOR *et al.*, | **PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 8, Defendants United States Department of the Interior *et al.* respond to the allegations in Plaintiffs Dakota Resources Council *et al.*'s Complaint for Declaratory and Injunctive Relief (ECF No. 1) as set forth below.

## RESPONSES TO COMPLAINT ALLEGATIONS

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint. Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations. Defendants also do not specifically respond to Appendix A of the Complaint, but to the extent Appendix A expressly or implicitly includes substantive legal or factual allegations, Defendants deny those allegations.

## INTRODUCTION

1. The allegations in the first and second sentences of Paragraph 1 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the first and

second sentences of footnote 1.  The allegations in the third sentence of footnote 1 purport to characterize Secretarial Order 3399, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Order, they are denied.  In response to the allegations in the fourth sentence of footnote 1, Defendants deny that CEQ published its final Phase 1 rule on May 20, 2022, and aver that CEQ published a final rule entitled National Environmental Policy Act Implementing Regulations Revisions in the Federal Register on April 20, 2022, and that final rule became effective on May 20, 2022.  The remaining allegations in the fourth sentence of footnote 1 purport to characterize the CEQ's rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the rule, they are denied.  The allegations in the fifth sentence of footnote 1 are characterizations of Plaintiffs' Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations.

      2.     Defendants aver that the climate is changing and that greenhouse gas emissions contribute to climate change.  Defendants further aver that Executive Order 14008 states that the United States and the world face a profound climate crisis.  The remaining allegations in Paragraph 2 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In addition, the allegations in the third sentence of Paragraph 2 purport to characterize unidentified "scientific literature" which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced literature, they are denied.

      3.     The allegations in the first and second sentences of Paragraph 3 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In response to the allegations in the third sentence of Paragraph 3,

Defendants admit that the Bureau of Land Management ("BLM") issued seven environmental assessments ("EAs") and seven findings of no significant impact ("FONSIs') for the challenged lease sales.  The remaining allegations in the third sentence of Paragraph 3 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

4.      The allegations in Paragraph 4 characterize Secretarial Order 3395, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with that order, they are denied.  Any remaining allegations in Paragraph 4 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

5.      In response to the allegations in Paragraph 5, Defendants admit that President Biden issued Executive Order 14008 on January 27, 2021.  The remaining allegations Paragraph 5 purport to characterize Executive Order 14008, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced executive order, they are denied.

6.      In response to the first sentence of Paragraph 6, Defendants admit that in June 2021, the U.S. District Court for the Western District of Louisiana issued a preliminary injunction in *Louisiana v. Biden*, 543 F. Supp. 3d 388 (W.D. La. 2021).  The remaining allegations in the first sentence of Paragraph 6 purport to characterize that decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied.  In response to the second sentence of Paragraph 6, Defendants admit BLM held lease sales after the issuance of the preliminary injunction in *Louisiana* but deny the remaining allegations.

7.     Defendants admit the first sentence in Paragraph 7.  The remaining allegations in Paragraph 7 purport to characterize a the Report on the Federal Oil and Gas Leasing Program, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced report, they are denied.

8.     Defendants admit the allegations in Paragraph 8 and aver that BLM posted Notices of Competitive Oil and Gas Lease Sale for the challenged lease sales on BLM's ePlanning website on April 18, 2022.  Defendants also aver that BLM posted the Decision Record and Protest Decision for the June 2022 Wyoming competitive oil and gas lease sale on ePlanning on June 28, 2022, and posted a corrected Protest Decision for that lease sale on June 29, 2022.

9.     The allegations in the first half of Paragraph 9 that "BLM's approval of the Lease Sales is driven by Interior's decision to proceed with implementation of its Leasing Program" are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  The allegations in the second half of Paragraph 9 that "each of these sales is plainly part of a larger national initiative that must be collectively analyzed under NEPA" constitute conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

10.     The allegations in Paragraph 10 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

11.     In response to the allegations in the first sentence of Paragraph 11, Defendants admit that BLM manages approximately 700 million acres of onshore mineral estate.  The remaining allegations in the first sentence of Paragraph 11 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In

response to the allegations in the second sentence of Paragraph 11, Defendants admit that approximately 26 million acres of BLM-managed onshore mineral estate were under lease for mineral development in fiscal year 2021.  The remaining allegations in the second sentence of Paragraph 11, and the allegations in the third, fourth, and sixth sentences of Paragraph 11, are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In response to the fifth sentence of Paragraph 11, Defendants admit that the majority of land administered by BLM can be found in 12 western states (the States of Alaska, Arizona, California, Colorado, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington, and Wyoming) and deny any remaining allegations.

12.     The allegations in Paragraph 12 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

13.     The allegations in Paragraph 13 characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and a judicial decision interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and judicial decision, they are denied.

14.     The allegations in the first and second sentences of Paragraph 14 characterize the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.  Defendants deny the allegations in the third sentence of Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 characterize NEPA and judicial decisions interpreting NEPA, which speak for themselves and are the best evidence of their content; to the

extent the allegations are inconsistent with the referenced statute and judicial decisions, they are denied.

17.     The allegations in the first sentence of Paragraph 17 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In response to the second sentence of Paragraph 17, Defendants admit that BLM prepared seven EAs for the challenged lease sales but deny the remaining allegations. Defendants deny the allegations in the third sentence of Paragraph 17.

18.     The allegations in the first and second sentences of Paragraph 18 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  Defendants deny the allegations in the third sentence of Paragraph 18.

19.     The allegations in Paragraph 19 are characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**JURISDICTION AND VENUE**

20.     The allegations in Paragraph 20 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

21.     The allegations in Paragraph 21 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

22.     In response to the allegations in Paragraph 22, Defendants lack sufficient information to form a belief as to the truth of the allegations regarding the location of the offices of the Center for Biological Diversity and the Sierra Club and therefore deny them.  Defendants admit that Secretary of the Interior Debra Haaland and BLM Director Tracy Stone-Manning reside in this district, the U.S. Department of the Interior is headquartered in this district, and

BLM's national office is located in this district.  The remaining allegations in Paragraph 22 are conclusions of law and characterizations of Plaintiffs' claims to which no response is required.

23.     The allegations in Paragraph 23 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

24.     The allegations in Paragraph 24 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

25.     The allegations in Paragraph 25 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

26.     The allegations in Paragraph 26 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

## PARTIES

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore deny them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny them.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore deny them.

30.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny them.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore deny them.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny them.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore deny them.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny them.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore deny them.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny them.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny them.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore deny them.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 39, and therefore deny them.  Defendants deny the allegations in the third sentence of Paragraph 39.

40.     The allegations in Paragraph 40 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

41.      The allegations in the first and second sentences of Paragraph 41 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In response to the third sentence of Paragraph 41, Defendants admit that oil and natural gas production and transportation may generate emissions.  The remaining allegations in the third sentence of Paragraph 41 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In response

to the fourth sentence of Paragraph 41, Defendants admit that methane may be emitted during the production and transportation of oil and natural gas. The remaining allegations in the fourth sentence of Paragraph 41, and the allegations in the fifth sentence of Paragraph 41, are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 41, and therefore deny them.

42.     The allegations in the first, fifth, sixth, and seventh sentences of Paragraph 42 are conclusions of law to which no response is required; to the extent a response is required, they are denied. Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants admit the allegations in Paragraph 43 that the U.S. Department of the Interior is an executive department of the United States Government. The remaining allegations in Paragraph 43 constitute conclusions of law to which no response is required.

44.     Defendants admit the allegations in Paragraph 44 that Debra Haaland is the Secretary of the Interior. The remaining allegations in Paragraph 44 constitute conclusions of law and characterizations of Plaintiffs' claims to which no response is required.

45.     Defendants admit the allegations in Paragraph 45 that BLM is an agency within the U.S. Department of the Interior. The remaining allegations in Paragraph 45 constitute conclusions of law to which no response is required.

46.     Defendants admit the allegations in Paragraph 46 that Tracy Stone-Manning is the Director of BLM. The remaining allegations in Paragraph 46 constitute conclusions of law to which no response is required.

**LEGAL BACKGROUND**

47.     The allegations in Paragraph 47 purport to characterize NEPA and a judicial decision interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute or judicial decision, they are denied.

48.     The allegations in Paragraph 48 purport to characterize a CEQ Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

49.     The allegations in Paragraph 49 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

50.     The allegations in Paragraph 50 purport to characterize a judicial decision interpreting NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced judicial decision, they are denied.

51.     The allegations in Paragraph 51 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

52.     The allegations in Paragraph 52 purport to characterize NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

53.     The allegations in Paragraph 53 purport to characterize NEPA and NEPA's implementing regulations, which speak for themselves and are the best evidence of their content;

to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

54.     The allegations in Paragraph 54 purport to characterize NEPA's implementing regulations and judicial decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations or judicial decisions, they are denied.

55.     The allegations in Paragraph 55 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

56.     The allegations in Paragraph 56 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

57.     The allegations in Paragraph 57 purport to characterize a judicial decision interpreting NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced judicial decision, they are denied.

58.     The allegations in Paragraph 58 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

59.     The allegations in Paragraph 59 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

60.     The allegations in Paragraph 60 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

61.     The allegations in Paragraph 61 purport to characterize Department of the Interior regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

62.     The allegations in the first sentence of Paragraph 62 purport to characterize a CEQ Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.  The allegations in the second sentence of Paragraph 62 are characterizations of Plaintiffs' Complaint to which no response is required.

63.     The allegations in Paragraph 63 purport to characterize a CEQ's 2016 GHG Guidance, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced guidance, they are denied.

64.     Defendants admit the allegations in the first sentence of Paragraph 64.  The remaining allegations in Paragraph 64 constitute conclusions of law to which no response is required and purport to characterize the Federal Land Policy Management Act ("FLPMA") and a judicial decision interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute or judicial decision, they are denied.  To the extent a further response is required, the allegations are denied.

65.     The allegations in Paragraph 65 constitute legal conclusions to which no response is required and purport to characterize FLPMA which speaks for itself and is the best evidence of

its content; to the extent the allegations are inconsistent with the referenced statute, they are

denied.  To the extent a further response is required, the allegations are denied.

66.     The allegations in Paragraph 66 purport to characterize FLPMA, which speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with the

referenced statute, they are denied.

67.      The allegations in Paragraph 67 purport to characterize FLPMA, which speaks

for itself and is the best evidence of its content; to the extent the allegations are inconsistent with

the referenced statute, they are denied.

68.     The allegations in Paragraph 68 purport to characterize FLPMA, which speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with the

referenced statute, they are denied.

69.     The allegations in Paragraph 69 purport to characterize FLPMA, and a judicial

decision interpreting FLPMA, which speak for themselves and are the best evidence of their

content; to the extent the allegations are inconsistent with the referenced statute or judicial

decision, they are denied.

70.     The allegations in Paragraph 70 purport to characterize FLPMA, which speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with the

referenced statute, they are denied.

71.     The allegations in Paragraph 71 purport to characterize the Administrative

Procedure Act ("APA"), which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with the referenced statute, they are denied.

72.     The allegations in Paragraph 72 purport to characterize the APA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

73.     The allegations in Paragraph 73 purport to characterize a judicial decision interpreting the APA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied.

74.     The allegations in Paragraph 74 purport to characterize the Mineral Leasing Act ("MLA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

75.     The allegations in Paragraph 75 purport to characterize Department of the Interior regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

76.     The allegations in Paragraph 76 purport to characterize the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

77.     The allegations in Paragraph 77 purport to characterize Department of the Interior regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

78.     In response to the allegations in Paragraph 78, Defendants admit that BLM manages oil and gas development in a multi-phase process and that each phase is subject to specific rules, policies, and procedures.  The remaining allegations in Paragraph 78 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

79.     Defendants admit the allegations in the first sentence of Paragraph 79 that BLM prepares resource management plans ("RMPs") in accordance with the cited regulations, its Land Use Planning Handbook, and other laws and policies, but deny the remaining allegations.  The allegations in the second sentence of Paragraph 79 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them. Defendants aver that RMPs provide goals, objectives, management actions, and allocation decisions for BLM managed programs within a planning area.

80.     Defendants admit the allegations in the first sentence of Paragraph 80 to the extent that RMPs make allocation decisions as to which lands may be available for leasing for mineral development within a planning area and under what conditions those lands may be leased and developed.  The allegations in the second sentence of Paragraph 80 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

81.     In response to the allegations in Paragraph 81, Defendants admit that BLM may prepare Reasonably Foreseeable Development Scenarios ("RFDs") in accord with its Planning for Fluid Minerals Handbook and other policies and laws and that BLM may utilize RFDs in preparing RMPs.  Defendants aver that an RFD is a planning tool that analyzes known and potential future oil and gas resources within an area and that RFDs are incorporated into NEPA documents.  The remaining allegations in Paragraph 81 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

82.     In response to the allegations in the first sentence of Paragraph 82, Defendants admit that oil and gas companies may nominate lands for lease in an expression of interest, but deny the remaining allegations.  The allegations in the first sentence of Paragraph 82 also purport

to characterize Department of the Interior regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.  In response to the allegations in the second and third sentences of Paragraph 82, Defendants admit that BLM may make eligible lands available for competitive lease, and that BLM holds lease sales in accordance with the cited regulations as well as other applicable laws, regulations, and policies.  The remaining allegations in the second and third sentences of Paragraph 82 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

83.     The allegations in Paragraph 83 constitute conclusions of law to which no response is required and purport to characterize a federal regulation, BLM's Competitive Leases Handbook, and IM 2021-027 which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulation, handbook, or IM, they are denied. To the extent a further response is required, Defendants deny the allegations.

84.     The allegations in Paragraph 84 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced judicial decision, they are denied.

85.      The allegations in Paragraph 85 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

86.     The allegations in Paragraph 86 purport to characterize a federal regulation and judicial decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulation or decision, they are denied.

87.     The allegations in Paragraph 87 purport to characterize a federal regulation and IBLA decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulation or decision, they are denied.

88.     In response to the allegations in Paragraph 88, Federal Defendants admit that a federal lessee must submit an application for permit to drill to BLM for approval prior to drilling. The remaining allegation in Paragraph 88 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

89.     The allegations in Paragraph 89 purport to characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

## FACTUAL BACKGROUND

90.     In response to the allegations of Paragraph 89, Defendants admit Secretarial Order 3395 was issued on January 20, 2021.  The remaining allegations in Paragraph 89 purport to characterize Secretarial Order 3395 which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced order, they are denied.

91.     In response to the allegations in Paragraph 91, Defendants admit that President Biden issued Executive Order 14008 on January 27, 2021.  The remaining allegations in Paragraph 91 purport to characterize Executive Order 14008, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced executive order, they are denied.

92.     The allegations in Paragraph 92 purport to characterize Executive Order 14008, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced executive order, they are denied.

93.     In response to the allegations in Paragraph 93, Defendants admit that *Western Energy Alliance v. Biden*, No. 21-cv-00013-SWS (D. Wyo.), was filed on January 27, 2021.  The remaining allegations in Paragraph 93 and the allegations in footnote 2 purport to characterize *Western Energy Alliance v. Biden* and other cases, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced cases, they are denied.

94.     Defendants admit the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 characterize an internal Department of the Interior memorandum, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced memorandum, they are denied.

96.     In response to the allegations in Paragraph 96, Defendants admit that BLM published a notice in the National NEPA Register on February 12, 2021.  The remaining allegations in Paragraph 96 characterize that notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

97.     In response to the allegations in Paragraph 97, Defendants admit that BLM issued a press release on April 21, 2021.  The remaining allegations in Paragraph 97 characterize that press release, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced press release, they are denied.

98.     In response to the allegations of Paragraph 98, Defendants admit that the U.S. District Court for the Western District of Louisiana issued a preliminary injunction order on June 15, 2021 in *Louisiana v. Biden*.  The remaining allegations of Paragraph 98 characterize that court order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced court order, they are denied.

99.     The allegations in first sentence of Paragraph 99 characterize a court pleading, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the court pleading, they are denied.  In response to the allegations in the second sentence of Paragraph 99, Defendants admit that on August 31, 2021, BLM posted on its ePlanning website scoping materials for the challenged lease sales, but deny the remaining allegations.

100.     Defendants admit the allegations in the first and fourth sentences in Paragraph 100.  The allegations in the second and third sentences of Paragraph 100 purport to characterize the contents of the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced report, they are denied.

101.     In response to the allegations in the first sentence of Paragraph 101, Defendants admit that the U.S. Department of the Interior issued a Report on the Federal Oil and Gas Leasing Program on November 26, 2021.  The remaining allegations in the first sentence of Paragraph 101 and the allegations in the second sentence of Paragraph 101 purport to characterize the contents of the referenced report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced report, they are denied.  Defendants admit the allegations in the last sentence of Paragraph 101.

102.    The allegations in Paragraph 102 purport to characterize the contents of a BLM press release, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced press release, they are denied.

103.    In response to the allegations in Paragraph 103, Defendants admit that on April 18, 2022, BLM published final EAs, unsigned FONSIs, and sale notices for the challenged lease sales on its ePlanning website, and that the final EAs incorporated the 2020 BLM Specialist Report by reference.  The remaining allegations in Paragraph 103 purport to characterize a statement on BLM's website, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statement, they are denied.

104.    In response to the allegations in Paragraph 104, Defendants admit that the Plaintiff organizations submitted protests for the challenged lease sales on during the protest periods for each of the sales.  The remaining allegations in Paragraph 104 are conclusions of law to which no response to required.  To the extent a response is required, Defendants deny the allegations.

105.    Defendants deny the first sentence of Paragraph 105 and aver that the applicable BLM state offices issued the leasing decisions.  Defendants admit the allegations in the second sentence of Paragraph 105.  In response to the allegations in the third sentence of Paragraph 105, Defendants admit that the Plaintiff organizations submitted scoping comments, comments on the draft EAs, and protests for the challenged lease sales.  Defendants deny the remaining allegations in the third sentence of Paragraph 105.  Defendants admit the allegation in footnote 6 that there was one parcel under consideration to be offered for lease at a lease sale in Alabama.  The remaining allegations in footnote 6 characterize a NEPA document, which speaks for itself and is

20

the best evidence of its content; to the extent the allegations are inconsistent with the referenced NEPA document, they are denied.

106.    The allegations in Paragraph 106 are a characterization of Plaintiffs' case to which no response is required.  To the extent a response is required, the allegations are denied.

107.    The allegations in Paragraph 107 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  Defendants aver that the climate is changing and that greenhouse gas emissions contribute to climate change.

108.    Defendants admit the allegations in the first sentence of Paragraph 108.  The allegations in the second and third sentences of Paragraph 108 purport to characterize the contents of a report issued by the Environmental Protection Agency ("EPA"), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.  The allegations in the fourth sentence of Paragraph 108 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

109.    In response to the allegations of the first sentence of Paragraph 109, Defendants admit that methane is a greenhouse gas.  The remaining allegations in the first sentence of Paragraph 109 and the allegations in the second sentence of Paragraph 109 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  As to the third sentence of Paragraph 109, Defendants admit that methane is emitted during the production and transportation of oil and natural gas. The remaining allegations in the third sentence of Paragraph 109 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

110.     In response to the allegations in the first sentence of Paragraph 110, Defendants admit the Intergovernmental Panel on Climate Change ("IPCC") is a body within the United Nations and that it has been awarded a Nobel Prize.  The remaining allegations in the first sentence of Paragraph 110 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  The allegations in the second sentence of Paragraph 110 purport to characterize a report issued by the IPCC which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.

111.     The allegations in Paragraph 111 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

112.     The allegations in Paragraph 112 purport to characterize the contents of documents issued by the U.S. Global Change Research Program which speak for themselves and are the best evidence of their contents; to the extent the allegations in Paragraph 112 are inconsistent with the referenced documents, they are denied.

113.     The allegations in the first sentence of Paragraph 113 purport to characterize the contents of a document issued by the U.S. Global Change Research Program which speaks for itself and is the best evidence of its content; to the extent the allegations in are inconsistent with the referenced document, they are denied.  The allegations in the second and third sentences of Paragraph 113 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

114.     The allegations in the first and third sentences of Paragraph 114 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  The allegations in the second sentence of Paragraph 114 characterize

and quote the contents of an unidentified document which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced document, they are denied.

115.    The allegations in Paragraph 115 purport to characterize the contents of a document issued by the U.S. Global Change Research Program which speaks for itself and is the best evidence of its content; to the extent the allegations in Paragraph 115 are inconsistent with the referenced document, they are denied

116.    In response to the allegations in the first sentence of Paragraph 116, Defendants admit that the IPCC issued a Special Report on Global Warming of 1.5° C in October 2018.  The remaining allegations in Paragraph 116 purport to characterize the contents of that report which speaks for itself and is the best evidence of its content; to the extent the allegations in Paragraph 116 are inconsistent with the referenced report, they are denied.

117.    The allegations in Paragraph 117 purport to characterize the contents of a report issued by the IPCC which speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 117 are inconsistent with the referenced report, they are denied.

118.    The allegations in Paragraph 118 purport to characterize the contents of a report issued by the IPCC in April 2022, which speaks for itself and is the best evidence of its contents; to the extent the allegations in Paragraph 118 are inconsistent with the referenced report, they are denied.

119.    In response to the allegations in the first sentence of Paragraph 119, Defendants admit that BLM manages approximately 700 million acres of onshore mineral estate.  The allegations of the second sentence of Paragraph 119 appear to purport to characterize information in a Department of the Interior report, titled "Report on the Federal Oil and Gas Leasing

Program" (November 2021), prepared pursuant to Executive Order 14008 and referencing statistics found on a Department of the Interior website, which speak for themselves and provide the best evidence of their contents; to the extent the allegations are inconsistent with that report, they are denied.  The allegations of the third sentence of Paragraph 119 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  In addition, the allegations of the third sentence of Paragraph 119 appear to purport to characterize a report, which speaks for itself and provides the best evidence of its contents; to the extent the allegations are inconsistent with the report, they are denied.

120.    The allegations in Paragraph 120 purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.  In addition, the allegations in the second sentence of Paragraph 120 constitute conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

121.    The allegations in Paragraph 121 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

122.     The allegations of Paragraph 122 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

123.    Defendants admit the allegations in the first sentence of Paragraph 123.  The allegations in the second sentence purport to characterize the contents of a report issued by the United States Geological Survey which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, Defendants deny them. The remaining allegations in Paragraph 123 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

124.     The allegations in Paragraph 124 appear to purport to characterize the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.

125.     The allegations in Paragraph 125 appear to purport to characterize the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the report, they are denied.

126.     The allegations in Paragraph 126 appear to purport to characterize the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the report, they are denied.

127.     The allegations in Paragraph 127 purport to characterize the contents of the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report they are denied.

128.     The allegations in Paragraph 128 appear to purport to characterize the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the report, they are denied.

129.     The allegations in Paragraph 129 purport to characterize the contents of NEPA documents issued by BLM, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced NEPA documents, they are denied.

130.     Defendants deny the allegations in Paragraph 130.

131.     The allegations in Paragraph 131 purport to characterize the contents of Secretarial Order 3226, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Secretarial Order, they are denied.

132.    The allegations in Paragraph 132 purport to characterize the contents of a report issued by the U.S. Government Accountability Office, which report speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.

133.    The allegations in Paragraph 133 purport to characterize the contents of Secretarial Order 3289, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Secretarial Order, they are denied.

134.    The allegations in Paragraph 134 purport to characterize the contents of various Executive Orders which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced Executive Orders, they are denied.

135.    The allegations in Paragraph 135 purport to characterize various EPA Federal Register notices, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with EPA's notices, they are denied.

136.    In response to the allegations in the first sentence of Paragraph 136, Defendants admit that the United States entered into the Paris Agreement in 2015.  The remaining allegations in the first sentence of Paragraph 136, and the allegations in the second sentence of Paragraph 136, purport to characterize the contents of the Paris Agreement, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced agreement, they are denied.  Defendants admit the allegations in the last sentence.

137.    The allegations in Paragraph 137 purport to characterize the CEQ's 2016 GHG Guidance, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced guidance, they are denied.

138.     The allegations in Paragraph 138 purport to characterize the contents of CEQ's 2016 GHG Guidance, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced guidance, they are denied.

139.     The allegations in Paragraph 139 purport to characterize a CEQ Federal Register notice, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced notice, they are denied.

140.     The allegations in Paragraph 140 purport to characterize the contents of Executive Order 14008, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Executive Order, they are denied.

141.     In response to the allegations of Paragraph 141, Defendants admit President Biden issued Executive Order 13990 on January 20, 2021.  The remaining allegations in Paragraph 141 purport to characterize the contents of Executive Order 13990, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Executive Order, they are denied.

142.     In response to the allegations in the first sentence of Paragraph 142, Defendants admit the Secretary of the Interior issued Secretarial Order 3399 on April 16, 2021.  The remaining allegations in Paragraph 142 purport to characterize the contents of Secretarial Order 3399 which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Secretarial Order, they are denied.

143.     The allegations in Paragraph 143 purport to characterize the contents of Secretarial Order 3399 which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Secretarial Order, they are denied.

144.     In response to the allegations in the first sentence of Paragraph 144, Defendants admit that the 2020 BLM Specialist Report and associated tool for calculating GHG emissions were released in October 2021.  The remaining allegations in Paragraph 144 purport to characterize the contents of the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.

145.     Defendants admit the allegations in the first sentence of Paragraph 145.  The remaining allegations in Paragraph 145 purport to characterize the contents of the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.

146.     The allegations in Paragraph 146 are conclusions of law to which no response is required and purport to characterize the contents of a judicial decision which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced judicial decision, they are denied.  To the extent a further response is required, Defendants deny the allegations.

147.     The allegations in the first sentence of Paragraph 147 purport to characterize the contents of the EAs for the challenged lease sales which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced EAs, they are denied Defendants deny the allegations in the second sentence of Paragraph 147.

148.     Defendants admit the allegations in the first sentence of Paragraph 148.  The remaining allegations in paragraph 148 purport to characterize the contents of Executive Order 13990 which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Executive Order, they are denied.

149.     The allegations in Paragraph 149 purport to characterize the contents of an EPA

fact sheet which speaks for itself and is the best evidence of its contents; to the extent the

allegations are inconsistent with the referenced fact sheet, they are denied.

150.     Defendants admit the allegations in Paragraph 150.

151.     The allegations in the first sentence of Paragraph 151 purport to characterize the

findings of an Interagency Working Group which speak for themselves and are the best evidence

of their contents; to the extent the allegations are inconsistent with the findings of the

Interagency Working Group, they are denied.  The remaining allegations in Paragraph 151 are

vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity;

therefore Defendants deny them.

152.     Defendants admit the allegations in the first sentence of Paragraph 152.  In

response to the second sentence of Paragraph 152, Defendants admit that February 2021, the

Interagency Working Group on Social Cost of Greenhouse Gases issued a Technical Support

Document.  The remaining allegations in the second and third sentences of Paragraph 152

purport to characterize that document which speaks for itself and is the best evidence of its

contents; to the extent the allegations are inconsistent with the referenced document, they are

denied.

153.     The allegations in the first sentence of Paragraph 153 purport to characterize the

2020 BLM Specialist Report, which speaks for itself and is the best evidence of its contents; to

the extent the allegations are inconsistent with that Report, they are denied.  The allegations in

the second sentence of Paragraph 153 purport to characterize the EAs for the challenged lease

sales, which speak for themselves and are the best evidence of their contents; to the extent the

allegations are inconsistent with the EAs, they are denied.  Defendants lack sufficient knowledge

and information to form a belief as to the truth of the allegations in the third sentence of Paragraph 153; therefore Defendants deny them. Defendants deny the allegations in the fourth sentence of Paragraph 153.

154.    The allegations in Paragraph 154 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

155.    The allegations in the first two sentences of Paragraph 155 purport to characterize the contents of a 2018 report issued by the IPCC which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.  The allegations in the third sentence of Paragraph 155 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

156.    The allegations in the first sentence of Paragraph 156 purport to characterize the contents of a report issued by Oil Change International which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.  The allegations in the second sentence of Paragraph 156 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

157.    The allegations in the first sentence of Paragraph 157 purport to characterize the contents of a report issued by EcoShift Consulting, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.  The remaining allegations in Paragraph 157 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

158.    The allegations in the first sentence of Paragraph 158 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.  The remaining allegations in Paragraph 158 purport to characterize the contents of a 2019 report issued by Oil Change International, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.

159.    The allegations in Paragraph 159 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

160.    The allegations in Paragraph 160 purport to characterize the contents of a 2016 report issued by the Stockholm Institute which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.

161.    The allegations in Paragraph 161 are vague and ambiguous and lack the necessary context to form a belief as to their truth or falsity; therefore Defendants deny them.

162.    The allegations in Paragraph 162 purport to characterize the contents of the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the report, they are denied.

163.    The allegations in Paragraph 163 purport to characterize the contents of the 2020 BLM Specialist Report issued by BLM, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the report, they are denied

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

164.    Defendants incorporate by reference their responses to Paragraphs 1-163.

165.     The allegations in Paragraph 165 purport to characterize NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

166.     The allegations in Paragraph 166 purport to characterize NEPA and a judicial decision interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and judicial decision, they are denied.

167.     The allegations in Paragraph 167 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

168.     Defendants deny the allegations in Paragraph 168.

169.     The allegations in Paragraph 169 purport to characterize the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced report, they are denied.

170.     Defendants deny the allegations in the first sentence of Paragraph 170. The remaining allegations in Paragraph 170 purport to characterize BLM's FONSIs for the challenged leasing decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced FONSIs, they are denied.

171.     Defendants deny the allegations in Paragraph 171.

**SECOND CLAIM FOR RELIEF**

172.     Defendants incorporate by reference their responses to Paragraphs 1-171.

173.     The allegations in Paragraph 173 purport to characterize NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

174.    The allegations in Paragraph 174 purport to characterize NEPA and a judicial decision interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and judicial decision, they are denied.

175.    The allegations in Paragraph 175 purport to characterize NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

176.    The allegations in Paragraph 176 purport to characterize NEPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

177.    The allegations in Paragraph 177 purport to characterize NEPA and a judicial decision interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and judicial decision, they are denied.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants admit the allegations in the first sentence of Paragraph 179.  The remaining allegations in Paragraph 179 purport to characterize BLM's FONSIs for the challenged leasing decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced FONSIs, they are denied.

180.    The allegations in Paragraph 180 purport to characterize BLM's EAs and FONSIs for the challenged leasing decisions and the 2020 BLM Specialist Report, which speak for

themselves and are the best evidence of their content; to the extent the allegations are

inconsistent with the referenced EAs, FONSIs, and report, they are denied.

181.    Defendants deny the allegations in Paragraph 181.

### THIRD CLAIM FOR RELIEF

182.    Defendants incorporate by reference their responses to Paragraphs 1-181.

183.    The allegations in Paragraph 183 purport to characterize FLPMA and a judicial

decision interpreting FLPMA, which speak for themselves and are the best evidence of their

content; to the extent the allegations are inconsistent with the referenced statute and judicial

decision, they are denied.

184.    The allegations in Paragraph 184 are conclusions of law to which no response is

required; to the extent a response is required, they are denied.

185.    Defendants deny the allegations in Paragraph 185.

186.    The allegations in the first sentence of Paragraph 186 constitute conclusions of

law to which no response is required and are vague and ambiguous and lack the necessary

context to form a belief as to their truth or falsity; therefore Defendants deny them.  The

remaining allegations in Paragraph 186 purport to characterize FLPMA and NEPA, which speak

for themselves and are the best evidence of their content; to the extent the allegations are

inconsistent with the referenced statutes, they are denied.

187.    The allegations in Paragraph 187 purport to characterize the 2020 BLM Specialist

Report, which speaks for itself and is the best evidence of its content; to the extent the allegations

are inconsistent with the referenced report, they are denied.

188.     The allegations in Paragraph 188 purport to characterize the 2020 BLM Specialist Report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced report, they are denied.

189.     Defendants deny the allegations in Paragraph 189.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of the allegations in the Complaint constitute Plaintiffs' Prayer for Relief to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.     The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.     One of more of Plaintiffs' claims for relief fail to state a claim upon which relief can be granted.

3.     Plaintiffs lack standing to pursue one more of their claims.

4.     One or more of Plaintiffs' claims is not ripe.

5.     One or more of Plaintiffs' claims fail for lack of final agency action.

6.     Plaintiffs have failed to exhaust administrative remedies and/or have otherwise waived certain claims.

7.     One or more of Plaintiffs' claims is moot.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 6th day of September, 2022.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Clare Boronow*
CLARE BORONOW, member of MD Bar
Senior Attorney, Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel.: 303-844-1362
Fax: 303-844-1350
clare.boronow@usdoj.gov

*/s/ Luther L. Hajek*
Luther L. Hajek
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376
Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov

*Counsel for Defendants*